Opinion of the court, by
Mr. Justice Teottee.
1st. The first assignment of error was not seriously insisted upon in the argument, and it will be sufficient to observe that the *37 question which it presents has been decided by the supreme court of this state, in the case of the State v. Johnson, Walker’s Rep. 395. That court held that it was sufficient, if it appeared in the record that the prosecution was in the name of the State, and that a formal statement of the fact that the indictment was found by its authority was not necessary. The only object which our constitution had, in requiring that ah prosecutions should be in the name, and by the authority of the state, was to exclude any other or foreign power from the exercise of this authority; and to assert the sovereignty and supremacy of the state as paramount. In this case the indictment is in the name of the state, and of course conducted under its authority; and this appears as fully as if there had been a formal averment of that proposition. In Allen v. The Commonwealth, 2 Bibb, 210, the court of appeals of Kentucky considered the same objection, made under a similar provision of the constitution of that state, and decided it to be untenable. 2nd. The second ground of objection is not supported by the record. It appears by the record, that Reuben H. Boone was appointed the foreman of the grand jury, and the bill is returned endorsed by him a true bill, as such foreman. But besides this evidence of the finding of the bill, it is stated in the caption that the grand jury returned the bill into court by their foreman, which is sufficiently certain. 3rd. The third assignment of error presents a very interesting question, and one which is not entirely free from difficulty. It is, whether bank bills, eo nomine, are the subject of larceny or robbery. It has been contended that bank bills are choses in action, being species of promissory notes, and that as such, they are not the subject of larceny at common law, and that they are not embraced by the 20th sec. of the act of 1822, " for the punishment of crimes and misdemeanors;” or if embraced under the term upromissory notes for the payment of money f they have not been so described in the indictment as to fall under the operation of that act. The validity of the objection - depends, therefore, upon three questions: 1st. Whether bank notes or bills be mere choses in action at common law. 2nd. Whether they are included in the enumeration of written securities in the statute of 1822; and 3rd. Whether'the description in the indictment is sufficient. It has long been settled, that by the *38 common law, choses in action are not the subject of larceny, on the ground that they had no intrinsic value, and did not import any property in possession of the person who held them. At the time of the adoption of this rule, bank bills had no existence. After they came into use, they were treated and considered as imparting to the holder or bearer something more than a bare right, existing- only in action. The courts began to regard them as having an intrinsic value, and as equivalent to cash or money. Thus in Miller v. Race, 1st Barron, Lord Mansfield, with the entire concurrence of the other judges of the court of king’s bench, held these notes to be money or cash, and not mere securities or documents for debts. He says they are treated as cash or money, in the ordinary course and transaction of business by the general consent of mankind, which give the credit and currency of m,oney, &c. In the case of the King v. Deane. -Leach’s C. Cases, they are regarded in the same light. In the King v. Vyse, 1 Regan & Moody C. C. 218, it washolden that bankers’ notes were not the subject of larceny at common law, but that they might be described in the indictment as goods and chattels of the owners; and there are some other cases in the English courts in which the same doctrine has been maintained. It is true that some of the earlier cases in that country settle the point differently, but I take the weight of authority to be decidedly in support of the principle settled in Miller v. Race. In the case of the United States v. Moulton, 5 Mason’s C. C. Rep. 537, this very question arose; and upon a full review of all the English cases, and many American, Judge Story comes to the same conclusion which the King’s bench expressed in the case of Miller v. Race. He says in the conclusion of his opinion, can it be truly said that bank notes, payable to bearer, and passing as currency, have no present value in possession? They pass as money — are received as money— in courts of justice they are treated as money, &e. It seems therefore, he observes, that it would be .an over refinement to hold that they are not personal goods, &c. The case of the People v. Holbrook, 13th J. R. 90, is to the same effect. The court there say that bank bills are to be considered as goods and chattels. The statute of New York, under which that indictment was found, is in these words — if any person shall steal, &c. any bill of *39 exchange, bond, order, warrant, bill, or promissory note, for the payment of money, &c., being the property of any other person, it shall be deemed felony of the same nature, and in the same degree, and in the same manner as it would have been, if the offender had stolen any other goods of the like value, with the money due thereon, &c. The indictment was for stealing bank notes, alledged to be of the goods and chattels of the owner. An objection was made to the indictment for stating the notes to- be of the goods and chattels of the owner. But the court held the allegation sufficient, deciding that they were goods and chattels. In Richards’ case, 1st Massachusetts Rep. 337, the same principle is settled. It has been held in New York that bank notes may be levied under an execution, as the goods and chattels of the defendant, Handy v. Dobbin, 12 J. R. 220. I think, therefore, it may be safely laid down as a proposition resulting from all the authorities considered in one view, that at' common law bank notes are property, and are the subject of larceny., But if this is otherwise, 1 am of the opinion that they are embraced by the act of 1822. The 20th section of that statute provides, that robbery or simple larceny of obligations or bonds, bills obligatory, or bills of exchange, promissory notes for the payment of money, &c. shall be punished as simple larceny, or robbery of goods ánd chattels, &c.
A bank bill, or noto, is a promissory note of the corporation which issues it. This I take to be a proposition not susceptible of controversy. I have attempted to show that 'it is not only a promissory note, but that it is a species of note to be regarded as standing on higher ground, and imparting higher value than a private note. It is at any rate a promissory note, and so expressly held by the supreme court of Massachusetts, in 6 Mass. Rep. 182, and in 9 do. 557, and has just been shown by the court in New York, in the case of The People v. Holbrook. This being the case, it follows that they are the subject of larceny by the statute. This was so held by this court, as 1 understand the case, in Damewood v. The State, 1 Howard Rep. 262. For the judge remarks, that it is unquestionably true that a bank note is a promissory note by a corporation, &c., and comes, therefore, strictly within the meaning of the generic term “promissory note.” *40 The conclusion of the judge from this is, that if the note charged to have been stolen had been described by proper averments, the indictment might have been sustained.
I concur in this case fully, so far as it treats bank notes as promissory notes, and regret that I feel compelled to differ as I do entirely from the conclusion at which the court arrived. It is certain that it might have been properly described as a promissory note, commonly called a banknote; and yet I apprehend that unless a bank note be a promissory note, the styling it so could not give it that character, and vice versa, if it be a well known species of promissory note, the omission to style it so in the pleadings, would not divest it of that character, any more than in declaring upon a due bill, and stating it to be simply such, the pleader would be bound to style it a promissory note, commonly called a due bill. I apprehend it would be sufficient in the latter instance to describe the note as a due bill; and for the same reason, if a bank note is, in law, a promissory note, it is so independent of any averment to that effect. The note in that case, was termed in the indictment, a bank note of the Planters’ bank; and because it was not styled a promissory note, the indictment was held bad, and the prisoner discharged. I cannot consent to the judgment in that case, nor do I think it warranted by the principles stated in the opinion of the court. The case, however, fully recognizes bank notes as subjects of larceny, un-. der the statute, and the judgment proceeded on the ground of a defective statement and description of the subject of the larceny. It is evident that the court, in that case, found their judgment on the decision in the case of The King v. Craven. 2 East’s Cr. Law, 601. But I am clearly of the opinion, that Craven’s case is not an authority for the judgment in Damewood’s case. That was an indictment under the act of George II, and that act expressly mentions bank notes, and the judgment was arrested solely on the ground of a defective description of the note; and I will now proceed to show that that case is not supported by principle or authority.
In Milne’s case, 2 East’s C. L. 602, the indictment charged the defendant with stealing a promissory note for the payment of one guinea, and also one other promissory note for the payment *41 of five guineas. It was moved in arrest of judgment after a conviction upon this indictment, that this description was too general. But all the judges held the indictment well laid. In the case of the Commonwealth v. Horatio Richards, 1 Mass. Rep. 337, the charge was for stealing from the person of A. B. one bank note of the value of ten dollars of the goods and chattels of the said A. B. And it was objected that the bank bill was not sufficiently described, it not appearing to have been issued by any bank authorized to issue bills, or that it contained any promise by any person to pay the sum of ten dollars, or that it contained such promise to pay that sum to any person, or that it was signed by the president of any bank, or countersigned by the cashier, and that from this uncertainty, the prisoner was unable to defend himself, and because a conviction would be no bar to a second prosecution, &c. But the court held tiie description to be sufficient. In delivering the opinion of the court, the judge observes that « if a more particular description were necessary, it would be extremely difficult, and in most cases impossible to convict, because ordinarily a person cannot testify as to the bank which issued the note. He can prove nothing more than the amount.” Holbrook’s case, 13 L. R. 90, which was before noticed, very fully illustrates the doctrine laid down in Richards’ case. In that case the indictment charged the defendant with stealing.« four promissory notes, commonly called bank notes, given for the sum of fifty dollars each, by the Mechanics’ bank of the city of New York, which were there and then due and unpaid, of the value of two hundred dollars, &c. This was held a sufficient description. The. court say in answer to the objection that the description was too general, that the «notes being in the hands of the defendant, it was impracticable to state them in base verba,” A general description is all that is necessary in trover. And that the form of the proceeding gave the defendant notice to be prepared to produce the notes, if it should be necessary in order to falsify the plaintiff’s evidence.
In the case of The United States v. Moulton, before noticed, the indictment charged the stealing of « one bank bill of the New Haven bank, of the denomination of five dollars, and of the value of five dollars, one other bank bill of the State bank *42 of Boston, of the denomination, &c. pursuing the same description as in the case of the bill on the New Haven bank. But there was no objection to this description. Hence I conclude that the objection which has been taken to the indictment in this case is not maintainable.
4th. In regard to the objection that there is no venue stated iu the indictment as to the swearing and charging of the grand jury, I deem it only necessary to observe that the record states at what court, at what term, and in what county the grand jury were empannelled and sworn. In Chitty’s Cr. L. 1st page, 334, he observes that it was formerly held necessary to prefix the words then and there to the word sworn, as it would show that the grand jury were sworn in the proper county and at the proper time. But this he observes is not now usual, and in none of the modern and approved forms does it appear to have been thought necessary.
5th. It is lastly objected that the indictment is repugnant in the description of the offence. It is too evident to require argument that the use of the name of Robert in one clause of the indictment instead of Richard Gaines, was a mere clerical mistake of the draftsman. It could not prejudice the defendant, and if that member of the sentence in the indictment were stricken out, it would appear yet very manifest that the bank bills are laid to be the property of Richard Gaines. And so I conclude that the objection cannot prevail
Let the judgment be affirmed.